IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Case No. 16-cr-00267-LKG |
| DANTE D. BAILEY, *et al.*, | ) ) | Dated: November 28, 2023 |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Defendant, Devon Dent, has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 1806.  This motion is fully briefed.  ECF Nos. 1806, 1816, 1818 and 1824.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **DENIES** Mr. Dent's motion for compassionate release.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**[1]

**A.  Factual Background**

Mr. Dent is a 33-year-old federal prisoner, currently incarcerated at United States Prison ("USP") Victorville located in Adelanto, California.  ECF No. 1806 at 6.  Mr. Dent is serving a 168-month sentence for racketeering conspiracy and conspiracy to distribute controlled substances and his projected release date is December 25, 2028.  ECF Nos. 1018 at 1; 1806 at 2-6 and 1816 at 5.  Prior to being incarcerated at USP Victorville, Mr. Dent was incarcerated at Federal Correctional Institution ("FCI") Williamsburg located in South Carolina.  ECF No. 1816 at 5.

---

[1] The facts recited in this memorandum opinion are taken from Defendant's motion for compassionate release; the Government's response in opposition thereto; the parties' plea agreement; and the Defendant's presentence investigation report.  ECF Nos. 1018, 1219, 1806 and 1816.

1

Mr. Dent's Sentence

On June 6, 2019, Mr. Dent pled guilty to one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), and one count of conspiracy to distribute one kilogram or more of heroin and 280 grams or more of crack cocaine in violation of 21 U.S.C. § 84.  ECF No. 1018 at 5.  Pursuant to the plea agreement, the Government agreed to seek a sentence within the range of 120-180 months incarceration.  *Id*. at 7.  The parties also agreed that Mr. Dent would waive his right to appeal his conviction, if the sentenced imposed by the Court did not exceed 180 months incarceration.  *Id*.

The pre-sentence investigation report calculates Mr. Dent's total offense level as 35, which includes a career offender enhancement, and a sentencing guideline range of 292-365 months incarceration.  ECF No. 1219 at 9 and 27.  But the Court accepted the sentencing ranged agreed to by the parties in the plea agreement, which does not include the career offender enhancement in the calculation of the sentence.  ECF No. 1219 at 9; ECF No. 1182 at 9-10; ECF No. 1226 at 2.  And so, the Court sentenced Mr. Dent to 168 months incarceration on June 12, 2019.  ECF No. 1226 at 1-2.

Mr. Dent's Incarceration And Requests For Compassionate Release

Mr. Dent was incarcerated shortly thereafter.  On August 25, 2021, Mr. Dent was involved in a prison fight, which resulted in an injury to his lung.  ECF No. 1806-7 at 3.  As a result of this injury, a portion of Mr. Dent's lung was removed.  *Id*.

On November 30, 2021, Mr. Dent sought compassionate release from his warden at FCI Williamsburg, due to his concerns about Covid-19 and his medical conditions, including the removal of a portion of his lung, asthma and epilepsy.  ECF No. 1816-3 at 3.  On December 21, 2021, the warden denied Mr. Dent's request for compassionate release, because Mr. Dent's medical conditions were adequately controlled by medication and Mr. Dent was capable of performing the activities of daily living without assistance.  ECF No. 1816-4 at 2.

On January 17, 2023, Mr. Dent filed a motion for compassionate release, seeking compassionate release upon the grounds that: (1) he is at risk for contracting Covid-19, due to his medical conditions including a limited lung capacity; (2) the career offender enhancement was improperly applied to his case during sentencing; (3) a detective who was involved in the investigation and prosecution of his case lacked credibility; (4) he suffered a tumultuous

2

childhood; and (5) he has vocational potential.  *See generally*, ECF No. 1806-7.  In his motion, Mr. Dent requests that the Court reduce his sentence to time served.  ECF No. 1806-7 at 8.

On February 8, 2023, approximately three weeks after he filed the present motion for compassionate release, Mr. Dent sought compassionate release from his warden at UPS Victorville upon the grounds that: (1) the career offender enhancement was improperly applied to his case during sentencing; (2) a detective who was involved in the investigation and prosecution of his case lacked credibility; (3) he suffered a tumultuous childhood; and (4) he has vocational potential.  ECF No. 1811-1.  The Government opposes Mr. Dent's motion for compassionate release.  *See generally*, ECF No. 1816.

### B.     Procedural Background

Mr. Dent filed his motion for compassionate release on January 17, 2023.  ECF No. 1806.  On February 9, 2023, the Office of the Federal Public Defender filed a notice declining compassionate release representation.  ECF No. 1809.

On March 21, 2023, the Government filed its response in opposition to Mr. Dent's motion.  ECF Nos. 1815 and 1816.  On April 24, 2023, Mr. Dent filed a reply brief.  ECF No. 1818.  On July 14, 2023, Mr. Dent filed a supplement to his reply brief.  ECF No. 1824.

Mr. Dent's motion having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.     Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019).  But, "the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  One such exception to this rule is when the modification is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence.  *United States v. Wiggins*, No. ELH-13-512, 2020 WL 4436373, at *2 (D. Md. August 3, 2020).  Section 3582 was adopted as part of the Sentencing Reform Act of 1984.  *Id*.  The statute originally permitted a court to alter a

sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, No. 2:08-CV-230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because § 3582 "vests absolute discretion" in the BOP).

But, in December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held that, as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his or her administrative remedies, the defendant may petition this Court directly for compassionate release. *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Wiggins*, 2020 WL 4436373, at *3. And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id*.

4

The United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). And so, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition ... that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Lastly, the Fourth Circuit has observed that 28 U.S.C. § 2255 is "[t]he exclusive remedy" for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, "unless [§ 2255] is inadequate or ineffective," in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at Section 2255(e). *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022); *Farkas v. Warden, FCI Butner II*, 972 F.3d 548, 550 (4th Cir. 2020) ("Congress requires every federal prisoner who collaterally attacks his conviction to employ the motion mechanism provided in 28 U.S.C. § 2255. Because Section 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep Section 2255's requirements. *Ferguson*, 55 F.4th at 270.

IV.   ANALYSIS

Mr. Dent seeks compassionate release from incarceration upon the grounds that: (1) he is at risk for contracting Covid-19 due to his medical conditions, including a limited lung capacity; (2) the career offender enhancement was improperly applied to his case during sentencing; (3) a detective who was involved in the investigation and prosecution of his case lacked credibility; (4) he suffered a tumultuous childhood; and (5) he has vocational potential. *See generally*, ECF No. 1806-7. And so, Mr. Dent requests that the Court reduce his sentence to time served. ECF No. 1806-7 at 8.

The Government opposes Mr. Dent's motion and argues, among other things, that Mr. Dent is not entitled to compassionate release, because: (1) Mr. Dent failed to exhaust administrative remedies with regards to the non-medical grounds for his request for compassionate release; (2) Mr. Dent's non-medical grounds for compassionate release should have been raised pursuant to a Section 2255 motion to vacate or to set aside/correct his sentence; (3) Mr. Dent's concerns about contracting Covid-19 due to his medical conditions are not

5

extraordinary and compelling reasons to grant compassionate release; and (4) the Section 3553(a) factors weigh against reducing Mr. Dent's sentence. ECF No. 1816. For the reasons that follow, the Court DENIES Mr. Dent's motion for compassionate release.

### A.      Mr. Dent Has Not Fully Exhausted His Non-Medical Grounds For Release

As an initial matter, the Court agrees with the Government that Mr. Dent failed to exhaust his administrative remedies with regards to the non-medical grounds for his motion for compassionate release before directly seeking such relief from the Court. Mr. Dent seeks a reduction of his sentence to time served upon several grounds, including that: (1) the career offender enhancement was improperly applied in his case; (2) a detective who was involved in the investigation and prosecution of his case lacked credibility; (3) he suffered a tumultuous childhood; and (4) he has vocational potential. ECF No, 1806. But these grounds for compassionate release are not properly before the Court, because Mr. Dent did not raise them with his warden before filing his motion for compassionate release.

Section 3582(c)(1)(A) allows the Court to reduce a defendant's term of imprisonment upon the motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, Mr. Dent must fully exhaust his administrative remedies by, among other things, first requesting compassionate release from his warden before petitioning the Court directly for compassionate release. *Id*.

There is no dispute in this case that Mr. Dent did not submit a request for compassionate release, based upon his non-medical grounds for compassionate release, until approximately three weeks after he filed the pending motion for compassionate release. Notably, Mr. Dent filed his motion for compassionate release on January 17, 2023, but he did not seek compassionate release based upon these non-medical grounds until February 8, 2023. ECF No. 1806. ECF No. 1811-1. Mr. Dent also has not provided the Court with any information regarding the resolution of his February 8, 2023, request to the warden at USP Victorville. Given this, Mr. Dent has not fully exhausted his administrative remedies with regards to his non-medical grounds for seeking compassionate release. And so, these non-medical grounds for compassionate release are not properly before the Court. *Wiggins*, 2020 WL 4436373, at *2.

To the extent that the Court could consider Mr. Dent's non-medical grounds for compassionate release, the Government also argues with persuasion that Mr. Dent's claims regarding the application of the career offender enhancement at his sentencing and the conduct of a detective who was involved in the investigation and prosecution of his case are appropriately addressed in a motion brought pursuant to Section 2255. Section 2255 is the exclusive method of collaterally attacking a federal conviction or sentence and Mr. Dent is foreclosed from the using a motion for compassionate release to sidestep Section 2255's requirements. *Ferguson*, 55 F.4th at 270. And so, the Court **DENIES** Mr. Dent's motion for compassionate release based upon these non-medical grounds.

    **B.**    **Mr. Dent Has Not Shown Compelling And Extraordinary Reasons Warranting Compassionate Release**

While Mr. Dent's medical grounds for seeking compassionate release are properly before this Court, the Government also persuasively argues that Mr. Dent's concerns about contracting Covid-19 and his medical conditions are not "compelling and extraordinary" grounds to warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Dent argues in his motion that his lung condition, asthma and epilepsy are compelling and extraordinary grounds for releasing him from prison. ECF No. 1806-7 at 3-4. The Sentencing Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Mr. Dent has not met his burden to show that such circumstances are present here.

It is undisputed that Mr. Dent suffers from epilepsy, asthma and a limited lung capacity. ECF No. 1806-7 at 3-4; ECF No. 1816 at 13-14. But Mr. Dent acknowledges that his lung condition has not caused him to be confined to a bed or a chair more than 50% of the time; his medical conditions have been controlled through medication; he has been able to perform all the activities of daily living without assistance; and he is capable of caring for himself. ECF No. 1816 at 13; ECF No. 1816-4 at 1-2. Given this, Mr. Dent has not shown that his medical conditions substantially diminish his ability to provide self-care within the environment of a correctional facility and that he suffers from medical conditions from which he is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A).

In addition, while understandable, Mr. Dent's concern about contracting Covid-19 is also not a compelling and extraordinary reason to reduce his sentence to time served. As this Court has recognized, the Covid-19 pandemic was arguably the worst public health crisis that the world has experienced in many years. *Hernandez*, 2020 WL 1684062, at *3. But, on May 11, 2023, the President and the Centers for Disease Control and Prevention issued a proclamation declaring that Covid-19 is no longer a national pandemic due to advancements in developing a vaccine, which has led to lower contraction and infection rates. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

The Court is mindful that there is some degree of increased risk associated with contracting Covid-19 for individuals who suffer from the type of medical conditions that Mr. Dent has, including a limited lung capacity and asthma. *Hernandez*, 2020 WL 1684062, at *3 (observing that the Centers for Disease Control warns that person with asthma is at higher risk of serious illness if they contract the disease.). But Mr. Dent provides no evidence to show that he is at *significantly* greater risk of contracting Covid-19, or having a worsening outcome, than many other inmates with similar health concerns. In fact, as discussed above, the evidence before the Court makes clear that Mr. Dent's medical conditions are well-controlled by medicine, making him no more vulnerable to Covid-19 than many others. And so, Mr. Dent has not shown that his concerns about contracting Covid-19 and his medical conditions are "compelling and extraordinary" grounds to warrant his release from prison.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Dent's motion for compassionate release. A separate Order shall issue.

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge